**IN RE JOYNER**

[111 N.C. App. 454 (1993)]

Constitution and North Carolina Constitution. The questions presented by respondent on appeal are identical to the issues raised in *In re Hayes*, 111 N.C. App. 384, 432 S.E.2d 862 (1993), which was filed simultaneously with the case at bar. For the reasons stated in *Hayes,* we hold that respondent's assignments of error are without merit.

Affirmed.

Judges ORR and MARTIN concur.

———————————

IN THE MATTER OF: ROBERT WELDON JOYNER

No. 9210SC791

(Filed 3 August 1993)

Appeal by respondent from order entered 30 March 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 7 June 1993.

Respondent was charged on a warrant dated 18 November 1985 with the first degree murder of Irma Louper Joyner. He was indicted by the Grand Jury for Wake County on 17 February 1986. Respondent's counsel filed notice of respondent's intention to rely on the insanity defense. On 1 October 1986, in Wake County Superior Court, Judge Donald Smith found respondent not guilty by reason of insanity pursuant to N.C. Gen. Stat. § 15A-959(c) (1977). Respondent was involuntarily committed to Dorothea Dix Hospital.

Thereafter respondent had several rehearings with recommitment being ordered by each district court judge based on the State's proof of continuing mental illness and dangerousness. On 27 March 1992, Judge Stephens presided over respondent's seventh rehearing under the newly enacted provisions of Senate Bill 43, codified as N.C. Gen. Stat. §§ 122C-268.1(i) and -276.1(c) (Cum. Supp. 1991), finding respondent had not met his burden of proof and, by order dated 30 March 1992, ordered his continued commitment for a period not to exceed one year. Respondent appealed the order to this Court.

**IN RE JOYNER**

[111 N.C. App. 454 (1993)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie B. Spalding, for the State-appellee.*

*Karl E. Knudsen for respondent-appellant.*

ARNOLD, Chief Judge.

Respondent contends that the provisions of G.S. § 122C as amended by Senate Bill 43 in April 1991 violate the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 19 of the North Carolina Constitution. Respondent also contends that Senate Bill 43 violates the Ex Post Facto Clause of the Federal Constitution and North Carolina Constitution. The questions presented by respondent on appeal are identical to the issues raised in *In re Hayes*, 111 N.C. App. 384, 432 S.E.2d 862 (1993), which was filed simultaneously with the case at bar. For the reasons stated in *Hayes*, we hold that respondent's assignments of error are without merit.

Affirmed.

Judges ORR and MARTIN concur.